UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-08561-RGK-MAR | Date | November 1, 2021 |
|---|---|---|---|
| Title | *Curtis Adler v. Elon Musk et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:

Not Present                                                    Not Present

**Proceedings:** (IN CHAMBERS) Order Re: *Ex Parte* Application for Temporary Restraining Order [DE 2]; Request to Proceed *In Forma Pauperis* [DE 3]

## I.   INTRODUCTION

On October 29, 2021, Curtis Adler ("Plaintiff") filed a lawsuit against Elon Musk and SpaceX ("Defendants"), asserting various claims related to the invasion of privacy. (*See* Compl., ECF No. 1.) That same day, Plaintiff filed an *ex parte* application for a temporary restraining order ("TRO"), as well as a request to proceed *in forma pauperis*. (*See* ECF Nos. 2–3.) For the following reasons, the Court **DENIES** Plaintiff's TRO Application and *In Forma Pauperis* Request without prejudice.

## II.   FACTUAL BACKGROUND

Plaintiff alleges the following:

Plaintiff had a secret relationship with Claire Boucher, the mother of Elon Musk's son, which infuriated Musk. Using satellites owned by his company, SpaceX, Musk captured images, communications, and other private information about the past 16 years of Plaintiff's life, and has used that information to harass Plaintiff. Musk has also hacked Plaintiff's phones and computers to prevent Plaintiff from contacting law enforcement.

## III.   JUDICIAL STANDARD

While a preliminary injunction is intended to preserve the status quo pending a judgment on the merits, a TRO is intended to preserve the status quo only until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). "Consequently, [TROs] are of limited duration, not—like preliminary injunctions—of indefinite duration." *Id.* Also, while a TRO may be granted without notice to the adverse party under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08561-RGK-MAR | Date | November 1, 2021 |
|---|---|---|---|
| Title | *Curtis Adler v. Elon Musk et al* | | |

limited circumstances, a preliminary injunction cannot be granted without notice. Fed. R. Civ. P. 65(a)–(b).

Despite these differences in purpose and procedure, the standard for a TRO is "substantially identical" to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The court may also apply a sliding scale test, in which the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

Injunctive relief—whether obtained by TRO or preliminary injunction—can be classified into two categories: mandatory or prohibitory. A mandatory injunction commands a party to do some positive act, while a prohibitory injunction restrains a party from engaging in further acts. Because a mandatory injunction alters the status quo, a request for mandatory injunctive relief "is subject to heightened scrutiny and [the injunction] should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). Indeed, the Ninth Circuit has cautioned that when "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo," the court "should be extremely cautious." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

Finally, Local Rule 65-1 sets out the procedure that parties litigating in this district must follow when seeking a TRO. The rule provides that a party seeking a TRO "must submit an application, a proposed TRO, and a proposed order to show cause why a preliminary injunction should not issue." C.D. Cal. L.R. 65-1.

**IV.    DISCUSSION**

    **A.  TRO Application**

In his TRO Application, Plaintiff asks the Court to order Elon Musk to (1) not "[c]apture, intercept, [or] broadcast communications of [Plaintiff] with satellite"; (2) not "[s]talk, harass, intimidate, threaten, [or] deprive of seclusion and confidentiality"; (3) not "[c]ontact the person, either directly or indirectly, including sending people unknown to [Plaintiff]"; and (4) "stay 222 yards away from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-08561-RGK-MAR | Date | November 1, 2021 |
|---|---|---|---|
| Title | *Curtis Adler v. Elon Musk et al* | | |

[Plaintiff]."[1] Plaintiff has not provided notice to Defendants of Plaintiff's TRO Application, and asserts that notice is not required here.

"Our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto. Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). However, Local Rule 7-19.2 provides that the Court may waive the general notice requirement if the moving party makes the requisite showing under Federal Rule of Civil Procedure ("Rule") 65(b). Under Rule 65(b), the Court may issue a TRO without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Plaintiff fails to make the requisite showing under Rule 65(b). Plaintiff simply asserts that "no notice need be given, for the reasons that E.Musk has caused irreparable harm through stalking, harassing, and more." But he offers no facts to explain why or how irreparable injury would result before Defendants could oppose the Application. Also, Plaintiff fails to certify "any efforts made to give notice." *See* Fed. R. Civ. P. 65(b)(1)(B). Accordingly, the Court **DENIES** Plaintiff's TRO Application without prejudice.

### B. *In Forma Pauperis* Request

Plaintiff also asks the Court to allow him to proceed *in forma pauperis*. A court may authorize a suit to proceed without prepayment of fees. 28 U.S.C. § 1915(a)(1). Under the relevant statute, the applicant must submit an affidavit declaring that he is unable to pay court fees, including information sufficient for the court to determine that the applicant is indeed unable to pay. *Id.*; *see also* C.D. Cal.

---

[1] Plaintiff also appears to ask the Court to order a United States marshal to serve the summons and complaint on Defendants. Rule 4 provides that the Court has discretion to order that service be made by a United States marshal and that the Court "must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915." Fed. R. Civ. P. 4(c)(3). The Court declines to exercise its discretion at this time but will reconsider if the Court ultimately grants Plaintiff's *in forma pauperis* request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08561-RGK-MAR | Date | November 1, 2021 |
|---|---|---|---|
| Title | *Curtis Adler v. Elon Musk et al* | | |

L.R. 5-2. The decision to grant or deny permission to proceed *in forma pauperis* is in a district court's sound discretion. *Smart v. Heinze*, 347 F2d 114, 116 (9th Cir. 1965).

Here, Plaintiff's affidavit makes no mention of his inability to pay court fees. His sole reason for requesting to proceed *in forma pauperis* is that he has been deprived of constitutional rights. As such, the Court **DENIES** Plaintiff's request to proceed *in forma pauperis*. However, the Court gives Plaintiff 30 days to re-submit his request.[2]

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' TRO Application and *In Forma Pauperis* Request without prejudice. Plaintiff has 30 days from the date of this order to re-submit his request to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   _____

---

[2] The Court recommends that Plaintiff use Central District of California Form CV-60 when resubmitting his application. https://www.cacd.uscourts.gov/forms/request-proceed-forma-pauperis-declaration-support.